**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

───────────

**No. 21-1224**

───────────

HELEN NKONGLAK,

      Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

      Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────

Submitted: November 17, 2021               Decided: January 4, 2022

───────────

Before DIAZ and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

───────────

Petition denied in part and dismissed in part by unpublished per curiam opinion.

───────────

Helen Nkonglak, Petitioner Pro Se. Tracie Nicole Jones, Marie Vanderbilt Robinson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Helen Nkonglak, a native and citizen of Cameroon, petitions for review of two orders of the Board of Immigration Appeals ("Board"). First, Nkonglak petitions for review of the Board's September 4, 2020, order denying Nkonglak's second motion to reopen the proceedings, and second, Nkonglak petitions for review of the Board's January 28, 2021, order denying reconsideration of its September 4, 2020, order. We deny in part and dismiss in part the petition for review.

Beginning with the Board's September 4, 2020, order, we conclude that Nkonglak's petition for review is untimely as to that order. Nkonglak had 30 days, or until October 5, 2020, to timely petition for review of that order.[1] *See* 8 U.S.C. § 1252(b)(1); *Stone*, 514 U.S. at 405 (recognizing that 30-day period codified in § 1252(b)(1) is jurisdictional). However, Nkonglak did not file her petition for review in this court until February 26, 2021. We thus lack jurisdiction to review the Board's September 4, 2020, order, and we will dismiss the petition for review insofar as it seeks review of that order.

In contrast, Nkonglak timely filed her petition for review as to the Board's January 28, 2021, order denying reconsideration. Based upon our review of the record, however, we are satisfied that the Board did not abuse its discretion in denying reconsideration. *See Narine v. Holder*, 559 F.3d 246, 249 (4th Cir. 2009) (explaining

---

[1] Nkonglak's motion to reconsider filed with the Board did not toll the 30-day period for seeking this court's review of the Board's September 4, 2020, order. *Stone v. INS*, 514 U.S. 386, 394-95 (1995).

standard of review).  We therefore deny the petition for review in part for the reasons stated

by the Board.[2]  *See In re Nkonglak* (B.I.A. Jan. 28, 2021).

Accordingly, we deny in part and dismiss in part the petition for review.  We

dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional

process.

*PETITION DENIED IN*
*PART AND DISMISSED*
*IN PART*

---

[2] Before us, Nkonglak makes two arguments in support of her reconsideration motion that she never presented to the Board.  First, Nkonglak argues that the Board erred in denying reconsideration because the Board's order denying reopening contravened her due process rights.  Second, Nkonglak argues that she was entitled to relief on reconsideration because she has filed an application for a U nonimmigrant visa.  Because Nkonglak failed to exhaust her administrative remedies for these arguments, we lack jurisdiction to consider them.  *See* 8 U.S.C. § 1252(d)(1); *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019) ("[W]hen a petition contains an argument that has never been presented to the [Board] for consideration, we lack jurisdiction to consider it even if other arguments in the petition have been exhausted.").